**POSTED TO THE WEBSITE**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

MICHAEL LEONARD MCGEE,

   Debtor.

Case No. 24-23546-A-13

GC-1

**MEMORANDUM**

Argued and submitted on March 4, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Chief Bankruptcy Judge Presiding

Appearances:   Gerald Glazer for Glazer and Cherry, applicant; Kristen Koo for David Cusick, Chapter 13 trustee

LBR 2016-1(b) requires Chapter 13 debtor(s)' counsel moving for fees under 11 U.S.C. § 330 to fix the amount of the fees by the lodestar method, which multiplies the hours expended by a reasonable hourly rate.  The firm of Glazer and Cherry ("the firm") asks the court to approve a flat fee, without showing the hours it expended on behalf of the client or its reasonable hourly rate.  Should the court approve the fee?

**I.　FACTS**

Michael McGee ("McGee") filed a Chapter 13 bankruptcy.  His counsel of record is the firm of Glazer and Cherry.  McGee's assets, income, and debt profile is unremarkable.

The firm agreed to undertake McGee's representation for a flat fee of $7,000; that fee was to be paid as $1,750 prior to filing and the remainder, i.e., $5,250, by the Chapter 13 trustee out of the debtor's monthly plan payments to the Chapter 13 trustee.  The fee agreement does not specify the rate of payment by the Chapter 13 trustee.

With the assistance of the firm, McGee proposed and confirmed his Chapter 13 plan.  As a part of the plan, the firm elected to have its fee determined after noticed motion, rather than by accepting the flat fee authorized by local rules.

**II.　PRCOEDURE**

Glazer and Cherry now move for compensation.  The firm seeks approval of its flat fee of $7,000; $1,750 paid in advance and the remaining $5,250 to be paid in equal monthly payments of $300 with a final single payment of $150.  The motion is supported by the declaration of attorney Gerald Glazer and debtor McGee.  Glazer avers that he has been an attorney for "over 40 years" and has "worked on

thousands of bankruptcy cases." He also states that the firm's services were "necessary and beneficial to the administration of the estate." The particulars of the firm's work are not described in the motion or its ancillary documents. Furthermore, the motion is not supported by time records or a description of services rendered.

### III.  JURISDICTION

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California. All matters fall within the bankruptcy court's core jurisdiction, 28 U.S.C. § 157(a) (arising "under title 11") as to motions for compensation, see 28 U.S.C. § 157(a); 28 U.S.C. § 11 U.S.C. §§ 328(a), 330(a)(4)(B); *In re Green*, No. 12-17945, 2013 WL 4603005, at *1 (Bankr. E.D. Cal. Aug. 28, 2013); I*n re Riverside-Linden Investment Co.*, 85 B.R. 107, 108 (Bankr. S.D. Cal. 1988).

### IV.  LAW

Section 330 of the Bankruptcy Code provides the rule of decision. 11 U.S.C. § 330. Debtor's counsel is entitled to "reasonable compensation for actual, necessary services rendered." *Id.* at § 330(a)(1)(A), (a)(4)(B). The ordinary fashion for computing a reasonable fee is the lodestar method. *Sw. Media, Inc. v. Rau*, 708 F.2d 419, 427 (9th Cir. 1983) ("[t]he primary method used to determine a reasonable attorney fee in a bankruptcy case is to multiply the number of hours expended by an hourly rate"), citing *In re THC Financial Corp.*, 659 F.2d 951, 954-56 (9th Cir.1981); *In re Beverly Crest Convalescent Hospital, Inc.*, 548 F.2d 817, 820-21 (9th Cir.1976). The applicant bears the burden of proof. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Roderick Timber Co.*, 185 B.R. 601, 606 (9th Cir. BAP 1995). In determining a reasonable fee,

the court should weigh "the nature, the extent and the value" of the services considering:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

By local rule, the bankruptcy court has adopted a bifurcated approach to determining the reasonableness of fees for Chapter 13 debtor's lawyers. LBR 2016-1. Attorneys may fix their fee: (1) by noticed motion, LBR 2016-1(b); or (2) accept a predetermined flat fee set by the court, LBR 2016-1(c); *In re Ohlinger*, No. 24-21356-A-13, 2024 WL 4989054, at *1 (Bankr. E.D. Cal. Dec. 5, 2024). Attorneys electing to proceed by noticed motion must do so in conformance with LBR 2016-1(b).

> (b) Court Approval. Counsel electing compensation under this subdivision shall seek court approval of compensation for services rendered and/or costs incurred by application. 11 U.S.C. § 330; Fed. R. Bankr. P. 2016. Notice shall be consistent with Rule 2002(a), as limited by Rule 2002(h). Fed. R. Bankr. P. 2002(a),(h); LBR 2002-3.

4

```
            1)   Fees and Costs.

            Absent a showing that it will not adequately
            compensate debtor(s)' counsel, compensation for
            services rendered and the amount of actual,
            necessary costs shall be determined by the
            lodestar method.

            ...
```

LBR 20161-(b)(1) (emphasis added).

**V.   DISCUSSION**

In the Eastern District of California, a Chapter 13 debtor(s)' counsel may fix the amount of his/her "reasonable compensation" in one of two ways: (1) by the lodestar method after noticed motion; or (2) without court approval by accepting a predetermined flat fee.  LBR 2016-1; *In re Ohlinger*, No. 24-21356-A-13, 2024 WL 4989054, at *8 (Bankr. E.D. Cal. Dec. 5, 2024) (upholding LBR 2016-1 as a proper exercise of the court's rulemaking authority).  In this case, the firm has opted to be paid after noticed motion.  Chapter 13 plan § 3.05, ECF No. 3.

LBR 2016-1(b)(1) provides, "Absent a showing that it will not adequately compensate debtor(s)' counsel, compensation for services rendered and the amount of actual, necessary costs shall be determined by the lodestar method."  Here, there has been no showing that the lodestar method of computation will not adequately compensate the firm.  As a result, the firm must prove its fees by providing evidence, *viz.*, time records, and its reasonable hourly rate.  It has not done so.

The firm invites the court to depart from local rules by approving a flat fee, agreed upon by counsel and the debtor, without any showing of the reasonableness of the fee.  This court will not do so.  The court must find the fee to be "reasonable compensation."  11

U.S.C. § 330.  Moreover, absent cause, LBR 1001-1(f), the court should not ignore its own local rules.  "Rules of practice adopted by the United States District Courts, as the one with which we are here concerned, have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in the appropriate manner."  *Woods Const. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888, 890-91 (10th Cir. 1964); *see also Blue v. U.S. Dep't of Army,* 914 F.2d 525, 550 (4th Cir. 1990) (overturning the decision because "the district court failed to follow its own local rules"); *Ortega v. Geelhaar,* 914 F.2d 495, 497-98 (4th Cir. 1990) ("the district court ignored its own local rules"); *Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 175 (5th Cir. 1990)* (chastising the district court because it should "scrupulously adhere[ ] to its own local procedures").  Here, there has been no showing of cause justifying departure from LBR 2016-1(b)(1).

**VI.    CONCLUSION**

For each of these reasons, the motion is denied without prejudice.

Dated: March 04, 2025

_____
Fredrick E. Clement
United States Bankruptcy Judge

6

# Instructions to Clerk of Court

Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorneys for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee** Robert T. Matsui United States Courthouse 501 I Street, Room 7-500 Sacramento, CA  95814 |
| **All Creditors** | |